UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 0363**

-----------------------------------------------------------x

TUFAMERICA, INC.,

        **Plaintiff,**

v.

CHOCOLATE INDUSTRIES, INC.,
THE NUMERO GROUP L.L.C., and
DENNIS SIBIT,

        **Defendants.**

-----------------------------------------------------------x

Index No.

**COMPLAINT**

JAN 1 6 2013

Plaintiff TufAmerica, Inc. ("TufAmerica"), by and through its undersigned counsel, alleges as follows:

## BACKGROUND

1. This case is about the misappropriation by the defendants of a musical composition and sound recording entitled "Disco From a Space Show." Tufamerica acquired ownership and exclusive administration and licensing rights to "Disco From a Space Show" in 2002. Defendants have reproduced and distributed "Disco From a Space Show" as performed by an artist known as Guitar Red in a compilation album titled "Personal Space" that was published by defendant Chocolate Industries, Inc. and distributed by defendant The Numero Group L.L.C. Defendants have illegally reproduced and distributed "Disco From a Space Show" in various formats, including compact disc, digital downloads, and via digital streaming services such as Spotify.

## PARTIES

2. Plaintiff TufAmerica, Inc. is a New York corporation with a place of business at 10 West 37th Street, Suite 601, New York, New York.

1

3. Upon information and belief, defendant Chocolate Industries, Inc. ("Chocolate") is an Illinois corporation having a business address at 1321 N. Milwaukee Avenue, Chicago, IL 60622.

4. Upon information and belief, defendant The Numero Group L.L.C. ("Numero") is an Illinois limited liability company having a business address at 2217 N. Hoyne, 3R, Chicago, IL 60647.

5. Upon information and belief, defendant Dennis Sibit ("Sibit") is an individual having a place of residence at 10358 South Forest Ave., Chicago, IL 60628.

## JURISDICTION AND VENUE

6. This Complaint seeks relief arising under the Copyright Laws of the United States, 17 U.S.C. §101, et seq., and this Court has jurisdiction pursuant to 28 U.S.C. §1338(a). Jurisdiction over the related state law claims is appropriate pursuant to 28 U.S.C. §1338 and 1367. This actions seeks statutory damages pursuant to 17 U.S.C. §504, and compensatory and punitive damages under New York law.

7. Venue in this District is proper pursuant to 28 U.S.C. §1391 and §1400 in that the Chocolate and Numero Defendants do business within the Southern District of New York and are subject to personal jurisdiction there. The Numero and Chocolate Defendants have directed their activities and marketing of musical recordings to New York residents, and New York residents were able to access or download "Disco From a Space Show" by way of one or more websites controlled or authorized by Defendants. Defendants thus do continuous and systematic business in New York, upon information and belief have entered into transactions directly related to the subject matter of this lawsuit, and are present in New York for purposes of establishing this Court's jurisdiction over them. Defendant Sibit transacted business with TufAmerica in the Southern District

of New York when he entered into the agreement with TufAmerica that is the subject of the claims against him in this lawsuit, and in that agreement consented to the jurisdiction of this Court.

**FACTS**

8. TufAmerica is the owner of the Tuff City Music Group, which was founded in 1981 as a rap and hip-hop label. Since then, TufAmerica has moved into other musical genres, including blues, soul, funk, and R&B, acquiring the rights to thousands of musical recordings and compositions.

9. In 2002, TufAmerica acquired all of the rights as exclusive administrator to and as 50% owner of the copyrights to "Disco from a Space Show" as well as other recordings from Sibit (the "2002 Agreement"). The 2002 Agreement specifically covers not only the composition to "Disco from a Space Show," but also Guitar Red's recording of that title, first released by the Mod Art Records label on the Guitar Red album "Hard Times" in 1976. The "Hard Times" album and its recordings, including upon information and belief "Disco from a Space Show," were originally registered with the United States Copyright Office on or about March 22, 1976; it was assigned registration number EU663046. Sibit granted to TufAmerica "all exclusive rights under 17 U.S.C. S106" and appointed TufAmerica as the "exclusive administrator" of the compositions and recordings covered by the 2002 Agreement.

10. Under the 2002 Agreement, Sibit appointed TufAmerica as "the sole administrator" of, and granted TufAmerica 50% in, Mod Art Records as well as other labels that Sibit owned and controlled. Sibit also granted TufAmerica "full authority to act in all manner relating to Sibit, Mod Art Records" and other labels.

11. TufAmerica recorded its interest in the "Disco From a Space Show" composition and sound recording (as well as the other compositions and sound recordings

covered by the 2002 Agreement) with the United States Copyright Office on February 25, 2003, at document number V3494 D643.

12. The Chocolate and Numero Defendants have included the unauthorized and unlicensed Guitar Red version of "Disco From a Space Show" in their compilation album titled "Personal Space," have distributed the album throughout the United States, and have made the track "Disco From a Space Show" available as a downloadable purchase on music websites such as iTunes and Amazon. The Chocolate and Numero Defendants have also licensed the track to the music streaming service Spotify.

13. The Chocolate and Numero Defendants have also included an unauthorized and unlicensed image of the "Hard Times" album cover in the liner notes that accompany the CD version of "Personal Space." The album cover image incorporates the Mod Art Records trademark and logo.

14. Tufamerica did not authorize the Chocolate and Numero defendants' reproduction or distribution of "Disco From a Space Show," the "Hard Times" album cover, or the Mod Art Records trademark or logo.

15. As a result of the 2002 Agreement, Sibit had no right to authorize Chocolate or Numero to reproduce or distribute "Disco From a Space Show," the "Hard Times" album cover, or the Mod Art Records trademark or logo.

16. The Chocolate and Numero defendants do not have any right to reproduce or distribute the "Disco From a Space Show" composition and recording, and similarly have no right to reproduce or distribute the "Hard Times" album cover or the Mod Art Records trademark and logo.

4

**FIRST CAUSE OF ACTION**
**(Against the Chocolate and Numero Defendants)**
**(Copyright Infringement – Disco From a Space Show Recording)**

17. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 16 as though set forth in full herein.

18. The "Disco From a Space Show" recording is unique intellectual property subject to protection under the Copyright Act of 1976, and was registered with the United States Copyright Office in 1976.

19. By virtue of the 2002 Agreement, TufAmerica possesses the exclusive rights to, among other things, authorize the reproduction and distribution of the Guitar Red recording "Disco From a Space Show."

20. TufAmerica has not authorized the Defendants to reproduce, release, exploit, or otherwise distribute the "Disco From a Space Show" recording.

21. The unauthorized reproduction and distribution by Defendants of "Disco From a Space Show" constitutes infringement of TufAmerica's exclusive rights in and to the copyright to the "Disco From a Space Show" recording.

22. Defendants are liable for copyright infringement of the "Disco From a Space Show" recording.

23. As a direct and proximate result of Defendants' infringing conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**(Against the Chocolate and Numero Defendants)**
**(Copyright Infringement – Disco From a Space Show Composition)**

24. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 23 as though set forth in full herein.

25. The "Disco From a Space Show" composition is unique intellectual property subject to protection under the Copyright Act of 1976, and upon information and belief was registered with the United States Copyright Office in 1976.

26. By virtue of the 2002 Agreement, TufAmerica possesses the exclusive rights to, among other things, authorize the reproduction and distribution of the "Disco From a Space Show" composition.

27. TufAmerica has not authorized the Defendants to reproduce, release, exploit, or otherwise distribute the "Disco From a Space Show" composition.

28. The unauthorized reproduction and distribution by Defendants of "Disco From a Space Show" constitutes infringement of TufAmerica's exclusive rights in and to the copyright to the "Disco From a Space Show" composition.

29. Defendants are liable for copyright infringement of the "Disco From a Space Show" composition.

30. As a direct and proximate result of Defendants' infringing conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Against the Chocolate and Numero Defendants)
### (Common Law Copyright Infringement – Hard Times Album Cover)

31. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 30 as though set forth in full herein.

32. The unauthorized reproduction, distribution and public performance by Defendants of the "Hard Times" album cover in the liner notes of the "Personal Space" CD constitutes infringement of TufAmerica's exclusive rights in and to the common law copyrights in the album cover.

6

33. Defendants are liable for the common law infringement of the "Hard Times" album cover.

34. As a direct and proximate result of Defendants' willful, wanton, and reckless tortious conduct, TufAmerica is entitled to compensatory and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (Against the Chocolate and Numero Defendants)
### (IN THE ALTERNATIVE - Tortious Interference with Contract)

35. TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 34 as though set forth in full herein.

36. In communications with TufAmerica, defendant Chocolate has claimed that it secured a license to reproduce and distribute the "Disco From a Space Show" recording from Sibit, the counterparty with TufAmerica to the 2002 Agreement.

37. To the extent any such license exists, it is in direct contravention of the terms of the 2002 Agreement, which grants to TufAmerica the exclusive right to license the recordings and compositions covered by that agreement, including "Disco From a Space Show," as well as to the Mod Art Records label and album art.

38. Upon information and belief, defendants knew of TufAmerica's exclusive right to license the "Disco From a Space Show" recording and composition, and the "Hard Times" album cover because TufAmerica had recorded its interest with the United States Copyright Office in 2003, and the Copyright Office database clearly shows that TufAmerica has asserted a claim of right to the "Disco From a Space Show" recording and composition.

39. Defendants have no right to induce Sibit to breach the terms of his 2002 Agreement with TufAmerica.

40.  To the extent Sibit has purported to license any rights to "Disco From a Space Show" or the "Hard Times" album cover to defendants, he has breached the terms of his 2002 Agreement with TufAmerica.

41.  TufAmerica has been damaged by defendant's tortious interference with its 2002 Agreement with Sibit.

42.  TufAmerica is entitled to recover its damages suffered as a result of defendants' tortious interference.

**FIFTH CAUSE OF ACTION**
**(Against defendant Sibit)**
**(IN THE ALTERNATIVE – Breach of Contract)**

43.  TufAmerica repeats and realleges each and every allegation contained in paragraphs 1 through 42 as though set forth in full herein.

44.  In the 2002 Agreement, Sibit gave TufAmerica the exclusive right to grant any licenses to, among other recordings and compositions, "Disco From a Space Show."

45.  In the 2002 Agreement, Sibit appointed TufAmerica as the sole administrator of Mod Art Records.

46.  Any license granted by Sibit to either of defendant Chocolate or Numero to (a) use or reproduce "Disco From a Space Show", or (b) use or reproduce any Mod Art album covers or logos, is in breach of TufAmerica's exclusive rights under the 2002 Agreement.

47.  To the extent Sibit has purported to grant Chocolate or Numero a license to "Disco From a Space Show" or the Mod Art album cover as described above, Sibit is in breach of the 2002 Agreement.

48.  TufAmerica is entitled to recover from Sibit all sums received by Sibit as a result of any license he purported to grant to defendants Chocolate or Numero to the

8

composition or recording "Disco From a Space Show" or use the Mod Art album cover or logo.

WHEREFORE, TufAmerica prays for judgment against Defendants as follows:

1. For an accounting, the imposition of a constructive trust, restitution to TufAmerica of Defendants' unlawful proceeds, and damages according to proof.

2. For an order enjoining defendants from any further distribution or exploitation of the "Disco From a Space Show" recording and composition, as well as the "Hard Times" album cover;

3. For an order rescinding any license purportedly granted by Sibit to either or both of defendants Chocolate and Numero that relates to the "Disco From a Space Show" recording and composition, as well as the "Hard Times" album cover;

4. For punitive and exemplary damages in an amount as may be awarded at trial.

5. For prejudgment interest according to law.

6. For TufAmerica's costs incurred in this action including its reasonable attorneys' fees.

7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: _____

Kelly D. Talcott
The Law Offices of Kelly D. Talcott
P.O. Box 43, 34 Grove Street
Sea Cliff, NY 11579-0043
v.516.515.1545
f.516.871.0682

Attorney for Plaintiff

Dated: Sea Cliff, New York
January 13, 2013